IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GERALD OGRESS SAVAGE,<br><br>  Plaintiff,<br><br>  v.<br><br>EASTERN SHORE COMMUNITY HEALTH and DR. BROINDES, M.D.,<br><br>  Defendants. | Civil Action No.:  ELH-23-1303 |

**MEMORANDUM**

The self-represented plaintiff, Gerald Ogress Savage, is currently incarcerated at Wicomico Detention Center. He filed suit against Eastern Shore Community Hospital ("ESCH") and "Dr. Broindes M.D."[1], pursuant to 42 U.S.C. § 1983. Savage has also moved for leave to proceed in forma pauperis ("IFP"). ECF 2. Therefore, the court must screen his complaint for sufficiency. 28 U.S.C. § 1915A(b).[2]

In deciding whether a complaint is frivolous or fails to state a claim for which relief may be granted, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). For the reasons discussed below, plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C.

---

[1] Although the caption of the Complaint names Dr. Broindes, plaintiff's statement of claim references only "Dr. Branson." *See* ECF No. 1 at 1, 3-4. Thus, it is not clear whom plaintiff intends to sue.

[2] Based on the information provided by plaintiff in the motion, he appears to be indigent. However, he has not filed a certified prison account statement as required under 28 U.S.C. § 1915(a)(2). Accordingly, I shall hold the IFP motion *sub curia* at this time.

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Plaintiff will be provided with an opportunity to file an amended complaint to correct the deficiencies noted.

### I.        Plaintiff's Complaint

In his Complaint, plaintiff asserts a series of claims regarding his time at ESCH. ECF 1. His numerous claims can be grouped into two categories: (1) those that relate to conditions and incidents that occurred during his time at ESCH, and (2) claims that relate to competency and criminal responsibility evaluations given to plaintiff while at ESCH. *Id.*

As to the first set of claims, plaintiff states that he experienced religious discrimination and was prevented from reading and studying the Bible "on more than one occasion." *Id.* at 3. He also states that he was not given "proper mental health treatment because of [his] race and religion." *Id.* He states that once, while being transported to a doctor's appointment, his ankle shackles were too tight, causing him to trip and fall. *Id.* As a result of the fall, plaintiff sprained his back and "immediately lost control" of his bowel function. *Id.* Because plaintiff could not control his bowels, he was provided "one diaper a day" by ESCH, and was made to "sit in feces" from 7:00 a.m. until he was permitted to shower at 7:00 p.m. *Id.* Plaintiff states that this was embarrassing, uncomfortable, and resulted in painful boils. *Id.*

Plaintiff also alleges that while his back was injured, he could not walk. *Id.* In spite of that physical limitation, nurses forced him to "line up" for dinner, which resulted in several missed meals. *Id.* Further, he states that he overheard guards discussing his private medical information on several occasions. *Id.* at 4. Finally, Savage states that ESCH was "negligent" by sending him to jail because further medical treatment was needed, including an incomplete dental procedure, a scheduled surgery on his buttocks, and "sleep apnea." *Id.*

The second set of plaintiff's claims relates to issues with his evaluation(s) to determine whether he was competent to stand trial ("competency evaluation"), and whether he was criminally responsible for the charges pending in a criminal case ("NCR evaluation").[3] Plaintiff alleges that the evaluator, Dr. Branson, had a hearing disability that "compromised [his] competence and not criminally responsible test." *Id.* at 3. Further, plaintiff alleges that Dr. Branson made up information in order to "deny [him] mental health services and to send [him] to jail." *Id.* Plaintiff states that Dr. Branson coached him on what to say on his evaluations, plaintiff did not understand the evaluations, and the evaluations did not utilize video and audio equipment, all of which, plaintiff alleges, renders them invalid. *Id.*

Moreover, plaintiff states that Dr. Branson was selective in the information that he emphasized in the evaluations. *Id.* at 3-4. Specifically, he says Dr. Branson did not focus on plaintiff's traumatic brain injury, which would have been "critical" to finding him "NOT criminally responsible." *Id.* at 4. Finally, plaintiff points out several inaccuracies in the report, including that he has a wife rather than a girlfriend, he did not live with his grandmother, and the report listed his age incorrectly. *Id.* He concludes that Dr. Branson "knowingly and willfully fals[ified] the NOT Criminally responsible report to have [plaintiff] convicted in a criminal court." *Id.*

Plaintiff seeks $14.5 million in damages. *Id.* at 9.

---

[3] Plaintiff does not indicate if he is discussing one evaluation or multiple evaluations. No dates are provided. Plaintiff also does not provide a case number or any information regarding the underlying criminal case.

## II. Discussion

A civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied*, 575 U.S. 983 (2015). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation.

To that end, a number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C.

4

§ 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and ESCH is not a person within the meaning of the statute. Thus, claims against ESCH, relating to the conditions plaintiff endured at ESCH, are subject to dismissal because ESCH is not a proper defendant.

Further, with respect to plaintiff's allegations regarding his evaluations, it is unclear what transpired following their completion or whether plaintiff suffered an injury as a result. Based on the address listed in the Complaint, plaintiff appears to be detained at the Wicomico County Detention Center, but the basis of that detention is not apparent. Plaintiff does not explain whether he is still awaiting trial on the charges for which he underwent evaluations, whether he was convicted of the charges related to those evaluations, or if those charges have been dismissed.

If plaintiff has not yet been tried, his claims may be barred. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *accord United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F.Supp.2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)).

If plaintiff has been tried and convicted, his claims may also be barred. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed, without prejudice.

### III.    Amendment

Because plaintiff proceeds *pro se*, he will be afforded an opportunity to amend the Complaint to add proper defendants and additional facts clarifying and supporting his allegations. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). In amending his Complaint, plaintiff should name as defendants the individuals he believes violated his constitutional rights, with facts that, if proven, show how each named defendant was *personally* involved in the alleged misconduct. Further, he should set forth facts to show the harm he suffered because of the actions or inactions of each defendant. In other words, plaintiff should include facts, including relevant dates, that support his claims.

In amending his Complaint, plaintiff is reminded that Section 1983 requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). In other words, there is no respondeat superior liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Wilcox v. Brown*, 877 F.3d 161,

170 (4th Cir. 2017); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

Any proposed amended complaint must conform to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(d)(1) provides for allegations that are "simple, concise, and direct." But, a complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10(a) requires that the complaint identify each defendant allegedly responsible for the wrongdoing. *See* Fed. R. Civ. Proc. 10(a).

Plaintiff is reminded that the amended complaint will replace the present Complaint. *See Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). Accordingly, plaintiff must include all allegations against each of the defendants he names so that the amended complaint stands alone as the sole complaint in this case.

Plaintiff is warned that failure to file an amended complaint consistent with this Order may result in the dismissal of the case. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). If plaintiff, while incarcerated, has three such actions that are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court, without first paying the filing fee, may be impacted. *See* 28 U.S.C. § 1915(g); *see also Pitts v. So. Car.*, 65 F.4th 141 (4th Cir. 2023); *Hall v. United States*, 44 F.4th 218 (4th Cir. 2022).

As noted, as to the IFP motion, plaintiff appears to be indigent. But, he has not filed a certified prison account statement. *See* 28 U.S.C. § 1915(a)(2).

A separate Order follows.

<u>May 30, 2023</u>          <u>        /s/              </u>
Date    Ellen L. Hollander
    United States District Judge