**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

GERALD OGRESS SAVAGE,

    Plaintiff,

    v.

DR. MARTIN BRANDES,

    Defendant.

Civil Action No.:  ELH-23-1303

**MEMORANDUM**

Plaintiff Gerald Savage, who is self represented, has moved to proceed in forma pauperis. ECF 2.  I shall grant the motion, due to his indigency.

In his original Complaint, plaintiff made a series of claims against "Eastern Shore Community Health" and Dr. Martin Brandes regarding his time at Eastern Shore Hospital Center ("ESHC").  ECF 1.[1]  He raised numerous claims relating to conditions and incidents that occurred during his time at ESHC and relating to competency and criminal responsibility evaluations conducted while at ESHC.  *Id.*  By Memorandum (ECF 5) and Order (ECF 6) of May 30, 2023, I concluded that plaintiff failed to state a claim, and he was thus directed to file an amended complaint.  *Id.*

The Amended Complaint followed on June 23, 2023 (ECF 7), with exhibits.  Dr. Martin

---

[1] Plaintiff also refers to ESHC as "Eastern Shore Community Hospital."  ECF 1 at 3.  And, he sometimes refers to Dr. Brandes as Dr. Branson.  *Id.*

The address provided for ESHC matches that of Eastern Shore Hospital Center, a mental health treatment facility in Cambridge, Maryland.  *See* https://health.maryland.gov/ESHC/Pages/Home.aspx (last accessed June 28, 2023).

Brandes, Director of Forensic Services at ESHC, is named as the sole defendant.[2]  The Court must screen the Amended Complaint for sufficiency.  *See* 28 U.S.C. § 1915A(b).

In amending his suit, plaintiff was forewarned, ECF 5 at 5-6:

> [W]ith respect to plaintiff's allegations regarding his evaluations, it is unclear what transpired following their completion or whether plaintiff suffered an injury as a result … Plaintiff does not explain whether he is still awaiting trial on the charges for which he underwent evaluations, whether he was convicted of the charges related to those evaluations, or if those charges have been dismissed …

> If plaintiff has been tried and convicted, his claims may also be barred. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed, without prejudice.

Plaintiff was also informed that an amended complaint would replace the initial Complaint. ECF 5 at 7.  Therefore, plaitniff's Amended Complaint "must include all allegations against each of the defendants he names so that the amended complaint stands alone as the sole complaint in this case."  *Id.*

In the Amended Complaint, lodged under 42 U.S.C. § 1983, plaintiff maintains that Dr. Brandes violated his rights under the Fifth Amendment to the Constitution.  *Id.* at 5.  He states that he was required to undergo a "not criminally responsible test" in case number C-22-CR-20-000308.  *Id.*  Plaintiff maintains that, during the administration of the test, it "was blaringly obvious that Dr. Brandes had a hearing disability in which he wore no hearing aid."  *Id.*  According to plaintiff, as a result of this disability, the not criminally responsible report submitted to the court contained "over 25 false and fraudulent statements," which plaintiff believes violated his right to

---

[2] As a result, the suit is dismissed as to defendant ESHC.

a "fair and unbiase[d]" test.  *Id.*  He also asserts that Dr. Brandes either ignored or downplayed plaintiff's prior brain injuries, which were critical to finding plaintiff "mental disable."  *Id.* at 6.

Because of Dr. Brandes's "disability," plaintiff maintains that he lost his "freedom, [his] character was defamed, and [he] was convicted in a court because [he] was denied proper mental medical care by Dr. [Brandes]."  *Id.*  Plaintiff concludes: "As a result of his flawed, fraudulent, and [inaccurate] test I was sent to jail."  *Id.*  However, he does not specify what relief he seeks.

Plaintiff indicates in his Complaint that he was criminally convicted and his case history is consistent with that assertion.  In case number C-22-CR-20-000308, in the Circuit Court for Wicomico County, plaintiff was convicted of two firearms offenses on March 24, 2023.[3]  *See State of Maryland vs. Gerald Ogress Savage, Sr.*, C-22-CR-20-000308 (available at https://casesearch.courts.state.md.us/casesearch/inquirySearch.jis) (last accessed June 28, 2023). According to the docket, plaintiff was sentenced to a term of imprisonment of eight years, with all but 15 months suspended, followed by three years of supervised probation.  *Id.*  The docket does not reflect that the conviction has been overturned or invalidated in any way since his sentence was imposed.  *Id.*

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned.  Therefore, complaints containing such claims must be dismissed, without prejudice.  The Supreme Court ruled, *id.*:

> We hold that, in order to recover damages for alleged unconstitutional
> conviction or imprisonment, or for other harm caused by actions whose

---

[3] Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Thus, I take judicial notice of the facts underlying plaintiff's criminal case.

> unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. . . . But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

Here, the Complaint alleges that Dr. Brandes administered a flawed, fraudulent test to determine plaintiff's criminal responsibility. If allowed to proceed, this claim would clearly implicate the validity of the criminal judgment. Unlike where criminal trial proceedings are ongoing or imminent, as in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), a judgment has been entered in this case. Accordingly, the claims are barred by *Heck* and will be dismissed, without prejudice.

As all claims are subject to dismissal, I shall deny, as moot, plaintiff's motion for appointment of counsel. ECF 4.

A separate Order follows.


     July 6, 2023                                   /s/
Date                                    Ellen L. Hollander
                                        United States District Judge

4